UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEONIS SCOTT GRUBBS,

    Petitioner,                                   Case No. 1:14-cv-282

v.                                            HON. JANET T. NEFF

LORI GIDLEY,

    Respondent.
_____/

**OPINION AND ORDER**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 17) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Objs., Dkt 20). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

      Petitioner first objects to the Magistrate Judge's conclusion that the Michigan Court of Appeals' ruling concerning Petitioner's removal from his trial for disorderly behavior was not "contrary to, nor involve[d] an unreasonable application of, clearly established federal law" (R&R, Dkt 17 at PageID.423). Petitioner asserts that the Magistrate Judge overlooked that "at no time did

defendant disrupt the court proceeding in the presents [sic] of the jury . . . ,"  and that the trial court should have taken "lesser steps . . . in order to balance defendant['s] constitutional rights with that of the court rights to have a conflict free trial" (Objs., Dkt 20 at PageID.433).

Petitioner's argument is without merit. The Magistrate Judge fully and properly considered the record and the governing legal principles under *Illinois v. Allen*, 397 U.S. 337 (1970). Petitioner's claim fails on the merits for the reasons outlined in the Report and Recommendation (R&R, Dkt 17 at PageID.412-423).  Contrary to Petitioner's assertions, the Magistrate Judge did not overlook any facts or law that would warrant a different conclusion.  Petitioner's objection is denied.

Second, with respect to his double jeopardy claim, Petitioner similarly argues that the Magistrate Judge "failed to notice" that in comparing both counts of home invasion by comparing the elements of each in turn, "it is apparent that Home Invasion Third as charged is a necessarily included lesser offense of Home Invasion First" (Objs., Dkt20 at PageID.436).  Petitioner's contention is without merit.  Petitioner essentially reiterates the argument already presented in his petition (Dkt 1 at PageID.6; Dkt 1-1 at PageID.29).  The Magistrate Judge fully considered and properly rejected Petitioner's double jeopardy claim, correctly applying the governing law and concluding, contrary to Petitioner's contention, that "[a] review of [First Degree and Third-Degree Home Invasion] reveals that each offense contains at least one element that is not present in the other"(R&R, Dkt 17 at PageID.424-426).

Petitioner raises an additional argument that whatever occurred between him and the victim involved a "course of conduct," is "classified as a single act," and that "neither the State of Michigan nor the United States Supreme Court nor Congress, intended to inflict cumulative punishment for a single act" (Objs., Dkt20 at PageID.436-437).  This argument was not raised before the Magistrate

2

Judge and is thus waived. "[I]ssues raised for first time in objections to magistrate judge's report and recommendation are deemed waived." *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)). In any event, Petitioner presents no clearly established Supreme Court holdings that demonstrate an error in the Magistrate Judge's conclusion concerning double jeopardy (Objs., Dkt 20 at PageID.437). Petitioner's second objection is denied.

Third, and lastly, Petitioner objects to the Magistrate Judge's failure to review his sentencing claim, and asks that this Court invoke its supplemental jurisdiction to review his sentencing claim (Objs., Dkt 437 at PageID.437-438; R&R, Dkt 17 at PageID.426). The Magistrate Judge correctly declined to review this claim on the ground that is not cognizable in federal habeas proceedings (R&R, Dkt 17 at PageID.426). *See Coleman v. Curtin*, 425 F. App'x 483, 484 (6th Cir. 2011) (federal habeas review is limited to claims alleging a violation of the Constitution, laws, or treaties of the United States). This objection is without merit.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 20) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 17) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: October 13, 2016               /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge